# EXHIBIT "4"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LELAND TAYLOR AND KAREN TAYLOR, | § § § § § § § § § § § | |
| Plaintiffs, | | CIVIL ACTION NO. 2:08-CV-268-TJW |
| VS. | | |
| NADEL AND GUSSMAN, LLC, | | |
| Defendant. | | JURY DEMANDED |

## DEFENDANT NADEL AND GUSSMAN, LLC'S
## SECOND AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nadel and Gussman, LLC, (hereinafter referred to as "Defendant") and files this, its Second Amended Original Answer in response to allegations contained in Plaintiffs' First Amended Complaint and states as follows:

### I.
### Parties

1. Defendant admits the truth of the allegations contained in Paragraph No. 1 of Plaintiffs' First Amended Complaint.

2. Defendant admits the truth of the allegations contained in Paragraph No. 2 of Plaintiffs' First Amended Complaint.

3. Defendant admits the truth of the allegations contained in Paragraph No. 3 of Plaintiffs' First Amended Complaint.

## II.
## Jurisdiction

4.     Defendant admits the truth of the allegations contained in Paragraph No. 4 of Plaintiffs' First Amended Complaint.

## III.
## Venue

5.     Defendant admits the truth of the allegations contained in Paragraph No. 5 of Plaintiffs' First Amended Complaint.

6.     Defendant admits the truth of the allegations contained in Paragraph No. 6 of Plaintiffs' First Amended Complaint.

## IV.
## Agency/Respondeat Superior

7.     Defendant denies the allegations contained in Paragraph No. 7 of Plaintiffs' First Amended Complaint.

## V.
## Facts

8.     Defendant admits that an oilfield accident occurred on or about August 29, 2007, in Rusk County, Texas, within the Eastern District of Texas wherein Plaintiff Leland Taylor was physically injured. Defendant denies all other allegations contained in Paragraph No. 8 of Plaintiffs' First Amended Complaint.

9.     Defendant admits that on or about August 29, 2007, Plaintiff Leland Taylor was working as a flow back hand on a natural gas well owned and operated by Defendant known as "Trawick 4-3." Defendant denies all other allegations contained in Paragraph No. 9 of Plaintiffs' First Amended Complaint.

10. Defendant admits that Plaintiff Leland Taylor was present at the well to monitor the flow back from the Trawick 4-3 after a plug in the well was drilled out by another company. Defendant admits that after the drill-out of the plug in the Trawick 4-3 had been carried out, Plaintiff Leland Taylor began monitoring the pressurized flow back of fluids from out of the Trawick 4-3 and into a frac tank. Defendant denies all other allegations contained in Paragraph No. 10 of Plaintiffs' First Amended Complaint.

11. Defendant admits the truth of the allegations contained in Paragraph No. 11 of Plaintiffs' First Amended Complaint.

12. Defendant admits that as Plaintiff Leland Taylor was engaged in the activity of monitoring the flow back coming from the Trawick 4-3, the pipe flow line assembly suddenly began to rupture and break apart. Defendant admits that as this action occurred, a section of the pipe flow line assembly at the area where Plaintiff Leland Taylor was monitoring the flow back became detached from the assembly and struck Plaintiff Leland Taylor causing injuries to his right leg and right arm. Defendant denies all other allegations contained in Paragraph No. 12 of Plaintiffs' First Amended Complaint.

13. Defendant admits the truth of the allegations contained in Paragraph No. 13 of Plaintiffs' First Amended Complaint.

14. Defendant admits that Plaintiff Leland Taylor has been required to undergo various surgeries and other medical procedures, tests, and examinations for the diagnosis and treatment of his injuries. Defendant admits that Plaintiff Leland Taylor has incurred medical, hospital, rehabilitation, and life care expenses. Defendant denies all other allegations contained in Paragraph No. 14 of Plaintiffs' First Amended Complaint.

15. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph No. 15. of Plaintiffs' First Amended Complaint.

16. Defendant admits that Plaintiff Leland Taylor has a limited ability to engage in certain physical activities and pursuits outside the employment context. Defendant denies all other allegations contained within Paragraph No. 16 of Plaintiffs' First Amended Complaint.

## VI.
## Claim For Relief

17. Defendant denies the allegations contained in Paragraph No. 17 of Plaintiffs' First Amended Complaint. Defendant denies the allegations contained in all sub-parts of Paragraph No. 17 of Plaintiffs' First Amended Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of Plaintiffs' First Amended Complaint.

19. Defendant denies the allegations contained in Paragraph No. 19 of Plaintiffs' First Amended Complaint.

20. Defendant denies the allegations contained in Paragraph No. 20 of Plaintiffs' First Amended Complaint.

## VII.
## Damages of Leland Taylor

21. Defendant admits that Plaintiff Leland Taylor was damaged in a sum in excess of the minimum jurisdictional limits of this court. Defendant denies all other allegations contained in Paragraph No. 21 of Plaintiffs' First Amended Complaint.

## VIII.
## Damages of Karen Taylor

22. Defendant denies the allegations contained in Paragraph No. 22 of Plaintiffs' First Amended Complaint.

## IX.
## Conclusion

23. Defendant admits that Plaintiff Leland Taylor was damaged in a sum in excess of the minimum jurisdictional limits of this court. Defendant denies that it was negligent or that its acts or omissions were the proximate cause of the incident made the basis of this suit.

## X.
## Affirmative Defenses

24. Defendant specifically pleads and would further show that Plaintiff Leland Taylor was contributorily negligent by failing to use ordinary care, caution, or prudence to avoid any claimed injuries and damages. Defendant would show that Leland Taylor engaged in negligent acts and/or omissions that when taken together or separately were the sole producing and/or sole proximate cause of Plaintiffs' claimed injuries and damages. Defendant requests the trier of fact to determine the percentage of responsibility of Leland Taylor pursuant to TEX. CIV. PRAC. & REM. CODE § 33.003.

25. Defendant asserts that the acts and/or omissions of third-parties over whom Defendant had no control constitute the sole producing and/or sole proximate cause of Plaintiffs' claimed injuries and damages.

26. Defendant would show that David Boone Oilfield Consulting and Forrest Tate engaged in negligent acts and/or omissions that when taken together or separately were the sole producing and/or sole proximate cause of Plaintiffs' claimed injuries and damages. Defendant requests the trier of fact to determine the percentage of responsibility of David Boone Oilfield Consulting and Forrest Tate pursuant to TEX. CIV. PRAC. & REM. CODE § 33.003.

27. Defendant affirmatively pleads that the claims of Leland Taylor as pled are barred by the exclusive remedy provision of the Texas Labor Code and Texas case law. Because Leland

Taylor was injured while engaged as an employee of Defendant, his negligence claims against Defendant, a subscriber of Texas Workman's Compensation Insurance, are barred in accordance with Texas Labor Code § 408.001.

28. Defendant affirmatively pleads that it is not liable for Plaintiffs' claimed injuries and damages under TEX. CIV. PRAC. & REM. CODE § 95.003.

## XI.
## Conclusion

29. WHEREFORE PREMISES CONSIDERED, Defendant Nadel and Gussman, LLC prays that Plaintiffs' First Amended Complaint and each and every cause of action contained therein be dismissed, or in the alternative, for judgment over and against Plaintiff for cost of defending suit against this action and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS


        /S/ David A. McFarland
David A. McFarland  (Attorney-in-Charge)
State Bar No. 00791223

700 N. Pearl Street, 25th Floor
Plaza of the Americas
Dallas, Texas 75201-2832
Telephone:  (214) 871-8292
Facsimile:  (214) 871-8209

and

THE PARKER FIRM, P.C.

J. Chad Parker
State Bar No. 00786153
W. Todd Parker
State Bar No. 00794424
112 E. Li ne St., Ste. 202
Tyler , TX 75702
903/595-4541
Fax: 903/595-2864
Email: cparker@theparkerfirm.net
*ATTORNEY TO BE NOTICED*

**ATTORNEYS FOR DEFENDANT,
NADEL AND GUSSMAN LLC**

## CERTIFICATE OF SERVICE

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. R. CV-5(a)(3) on August 4th, 2009. Any other counsel of record will be served via facsimile transmission.

Andy Tindel
Provost Umphrey Law Firm - Tyler
112 E Line
Suite 304
Tyler, TX 75702
903/596-0900
Fax: 903/596-0909
Email: atindel@andytindel.com
*Lead Attorney*
*Attorney To Be Noticed For Plaintiffs*
*Leland Taylor And Karen Taylor*

Laura D Schmidt
Downs & Stanford
2001 Bryan St
Suite 4000
Dallas, TX 75201-3005
214/748-7900
Fax: 12147484530
Email: lschmidt@downsstanford.com
*Lead Attorney*
*Attorney To Be Noticed For Intervenor*
*New Hampshire Insurance Company*

                                                         /S/ David A. McFarland
                                                        David A. McFarland