IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LELAND TAYLOR AND KAREN TAYLOR, Plaintiff, <br> v. <br> NADEL AND GUSSMAN, LLC, Defendant. | CIVIL ACTION NO. 2:08-CV-268 (TJW) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Nadel and Gussman, LLC's ("Nadel") Motions for Summary Judgment on all claims asserted against it by the plaintiffs, Leland Taylor and Karen Taylor, and the Intervenor, New Hampshire Insurance Company. (Dkt. Nos. 42, 57). The Court has carefully considered the arguments presented by the parties in light of the applicable law. Contrary to defendants' arguments, the Court finds that there exist a substantial number of issues of material fact for the jury to decide on the plaintiff's claims in this case. Defendant's motions for summary judgment are DENIED for the reasons discussed below.

### I. Factual Background

This cause of action arises from an incident that occurred on August 29, 2007, in Rusk County, Texas. Plaintiff Leland Taylor was working as a flowback consultant on a well owned and operated by the Defendant. Defendant hired Taylor through a contractor, David Boone Oilfield Consulting, to perform a flowback operation on Nadel's well identified as Trawick 4-3 ("the Well"). Taylor sustained injury when an unanchored pipe ruptured while he was performing the flowback operation on the Well. Plaintiffs allege that defendant's negligence was a proximate cause of the occurrence in question and the resulting injuries and damages suffered

by plaintiffs.

## II. Discussion

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-movant must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Holland v. City of Houston*, 41 F. Supp. 2d 678, 687 (S.D. Tex. 1999).

Nadel contends that it hired Taylor under an implied contract to perform as a flowback consultant at the Well. Nadel further contends that it was a subscriber to workers' compensation insurance and its workers' compensation policy covered Taylor. The defendant, therefore, contends that under the Texas Worker's Compensation Act ("the Act"), plaintiffs Leland and Karen Taylor's claims against Nadel are barred because at the time of the incident, Taylor was a borrowed servant, acting within the course and scope of his employment and Nadel was a subscriber to workman's compensation coverage. *See* TEX. LAB. CODE ANN. § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee[1] covered by workers' compensation insurance coverage [for] a work-related injury sustained by the employee").

The Texas Labor Code clearly enumerates the limited circumstances under which a

---

[1] The Act defines "employee" as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." TEX. LAB. CODE ANN. § 401.012(a).

2

subcontractor or a subcontractor's employee can become an employee of a general contractor[2] for purposes of the Act. TEX. LAB. CODE ANN. § 406.123. A general contractor and a subcontractor may enter into a written agreement under which the general contractor provides worker's compensation coverage to the subcontractor and the subcontractor's employees. § 406.123(a). Alternatively, the Code provides that if a general contractor has workers' compensation insurance to protect its employees and if, in the course and scope of its business, it enters into a contract with a subcontractor who does not have employees, the general contractor shall be treated as the employer of the subcontractor. § 406.123(b).

The defendant has produced no evidence to show that Nadel entered into a written agreement under which it would provide workers' compensation insurance coverage to the employees of David Boone Oilfield Consulting. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 436 (Tex. 2009) (holding that in order for the general contractor to be entitled to immunity, "the general contractor and subcontractor must enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor"). Similarly, the defendant has not offered convincing evidence that David Boone Oilfield Consulting did not "employ" Taylor at the time of the incident, thereby allowing Nadel to possibly be treated as the employer of Taylor under § 406.123(b) of the Act.[3] Nadel's claim to statutory immunity from this tort action is, therefore, based on the argument that Taylor was a borrowed servant, and should be considered its "employee" under the Act. *See Neal v. Wisconsin Hard Chrome, Inc.*, 173 S.W.3d 891, 893

---

[2] A "general contractor" is a "person who undertakes to procure the performance of work or a service, either separately or through the use of subcontractors." TEX. LAB. CODE ANN. § 406.121(1).

(Tex. App.—Texarkana 2005, no pet.) (affirming summary judgment by a district court that an employee of a subcontractor could only recover under the terms of the Act where the court found that both the general contractor and the subcontractor were plaintiff's employers for purposes of the Act); *see also Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 144, 150 (Tex. 2003) (holding that, under the Act, an employee may have more than one employer for purposes of workers' compensation).

Plaintiffs contend that Nadel has failed to prove that it was Taylor's employer at the time of his injury.[4] They argue that the evidence produced by the defendant is not sufficient to establish as a matter of law that Nadel was directing and controlling the actual details of how Taylor performed his job. Plaintiffs contend that Taylor was a specialized oilfield worker who did who did not receive detailed job instructions from the defendant sufficient to demonstrate a degree of control that would make Taylor an employee under Texas law.

Plaintiffs further contend that even if Nadel is able establish its "employer" status, it has failed to come forward with any competent summary judgment evidence that would establish that Taylor was actually covered by Nadel's worker's compensation policy. Plaintiffs contend that Nadel has failed to even offer proof that it was a subscriber under the Act at the time of the incident.[5] The Court agrees with the plaintiffs. Defendants have failed to persuade this Court that there is no factual issue with regard to its entitlement to immunity from common-law tort

---

[3] Plaintiffs contend that David Boone Oilfield Consulting was Taylor's employer and maintained a policy of worker's compensation insurance for him. Plaintiffs contend that Nadel has unqualifiedly admitted to this fact in its answer to the Intervenor's pleadings.
[4] Furthermore, plaintiffs contend that Nadel has waived the right to take advantage of the exclusive remedy provision of the Act by its past conduct that has been inconsistent with claiming Taylor as its employee. Plaintiffs argue that Nadel should be estopped from now taking that position in this lawsuit.
[5] Plaintiffs point out that the defendant has failed to provide a copy of its worker's compensation policy for the Court's consideration. *See* Plaintiff's Response, Dkt. No. 63, at 6.

actions under the Act and its liability in the cause of action brought by the plaintiffs in this Court.

III. Conclusion

In resolving a summary judgment motion, the Court views the evidence and pleadings in the light most favorable to the party opposing the motion. The defendant has failed to demonstrate that no issues of material fact exist in this case. The Court, therefore, DENIES the defendant's motions for summary judgment (Dkt. Nos. 42, 57).

SIGNED this 17th day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE