FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 18 2009

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LELAND TAYLOR AND<br>KAREN TAYLOR,<br>Plaintiffs,<br><br>v.<br><br>NADEL AND GUSSMAN, LLC,<br>Defendant. | § § § § § § § § § | CIVIL ACTION NO. 2-08-CV-268 (TJW) |

## VERDICT FORM

### QUESTION NO. 1:

Did Nadel and Gussman, LLC exercise or retain some control over the manner in which the plug drill out and flow back work was performed at the time of the occurrence in question, other than the right to order the work to start or stop or to inspect progress or receive reports?

Answer "Yes" or "No."

Answer: __yes__

If you answered the above question "Yes," then answer the following question. Otherwise, do not answer the following question. The jury foreperson should sign and date the Verdict Form and return it to the Security Officer.

## QUESTION NO. 2:

Did the negligence, if any, of Nadel and Gussman, LLC proximately cause the occurrence in question?

    Answer "Yes" or "No".

    Answer: _yes_

If you answered the above question "No," then answer the following question. Otherwise, do not answer the following question. The jury foreperson should sign and date the verdict form and return it to the Security Officer.

# QUESTION NO. 3:

Did the negligence, if any, of Forrest Tate and Leland Taylor proximately cause the occurrence in question?

    Answer "Yes" or "No" for each of the following:

    a. Forrest Tate:      Yes

    b. Leland Taylor:      Yes

# QUESTION NO. 4:

If you have answered "Yes" to Questions 2 and 3, for *more than one* of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence, if any. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

For each person or corporation you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

    a. Nadel and Gussman, LLC     70 %

    b. Forrest Tate:     25 %

    c. Leland Taylor:     5 %

    Total = 100%     100 %


If you answered more than 50% for Leland Taylor, then do not answer any more questions. The jury foreperson should sign and date the Verdict Form and return it to the Security Officer. Otherwise, answer the following questions.

# QUESTION NO. 5:

What sum of money, if paid now in cash, would fairly and resonably compensate Leland Taylor for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Leland Taylor.

    a. Physical pain and mental anguish sustained in the past.

    Answer: $ 1 million

    b. Physical pain and mental anguish that, in reasonable probability, Leland Taylor will sustain in the future.

    Answer: $ 500,000

    c. Loss of earnings sustained in the past.

    Answer: $ 100,000

    d. Loss of earning capacity that, in reasonable probability, Leland Taylor will sustain in the future.

    Answer: $ 500,000

    e. Disfigurement sustained in the past.

    Answer: $ 590,000

    f. Disfigurement that, in reasonable probability, Leland Taylor will sustain in the future.

    Answer: $ 10,000.00

    g. Physical impairment sustained in the past.

    Answer: $ 200,000.00

    h. Physical impairment that, in reasonable probability, Leland Taylor will sustain in the future.

Answer: $ 500,000

i. Medical, hospital, rehabilitation and life care expenses that, in reasonable probability, Leland Taylor will incur in the future.

Answer: $ 350,000.00

# QUESTION NO. 6:

What sum of money, if paid now in cash, would fairly and reasonably compensate Karen Taylor for injuries, if any, to her husband, Leland Taylor that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Leland Taylor.

   a. Loss of household services sustained in the past.

   Answer:     $ 5,000.00

   b. Loss of household services that, in reasonable probability, Karen Taylor will sustain in the future.

   Answer:     $ 25,000.00

   c. Loss of consortium sustained in the past.

   Answer:     $ 10,000.00

   d. Loss of consortium that, in reasonable probability, Karen Taylor will sustain in the future.

   Answer:     $ 10,000.00

## QUESTION NO. 7:

Do you find from a preponderance of evidence that Forrest Tate was acting as an employee for Nadel and Gussman, LLC with respect to the work being performed on the Trawick 4 #3 well site on the day of the occurrence in question?

Answer "Yes" or "No."

Answer: __No__

## QUESTION NO. 8:

On the occasion in question, was Leland Taylor acting as a borrowed employee of Nadel and Gussman, LLC?

    Answer "Yes" or "No."

    Answer: __No__

    Signed this __18__ day of September, 2009.

_____
JURY FOREPERSON